



**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

December 3, 2010

Honorable David G. Trager
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Abidor, et al. v. Napolitano, et al. CV-10-4059 (Trager, J.) (Azrack, M.J.)

Dear Judge Trager:

  Defendants respectfully write to request that the Court hold a conference in connection with their contemplated motion to dismiss this action.

  In this action, Plaintiffs Pascal Abidor, the National Association of Criminal Defense Lawyers ("NACDL"), and the National Press Photographers Association ("NPPA") challenge the exercise of authority by two Department of Homeland Security ("DHS") components, U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE"), to search information in electronic devices pursuant to the border search exception to the warrant and probable cause requirements of the Fourth Amendment. CBP and ICE have publicly issued policies that provide guidelines for officers and agents to conduct a border search of information contained in electronic devices. *See* CBP Directive No. 3340-049 (Exhibit A), ¶ 5.1.2; ICE Directive No. 7-6.1 (Exhibit B) ¶ 6.1.

  Plaintiffs allege that, pursuant to these policies, CBP conducted a suspicionless search of Mr. Abidor's laptop, external hard drive and cell phone when he crossed the border from Canada on May 1, 2010, and detained his laptop computer and external hard drive for 11 days to complete the border search. Complaint, ¶¶ 24-54. NACDL and NPPA allege that many of their members travel internationally with electronic devices and they fear that their members' electronic devices will be searched, copied and detained under the CBP and ICE policies. *Id.* ¶¶ 84, 119. Plaintiffs claim that the challenged policies violate their Fourth and First Amendment rights "by permitting the suspicionless search, copying, and detention of electronic devices" that may contain "expressive, protected materials." *Id.*, ¶¶ 128, 129.

  Plaintiffs' claims should be dismissed under Fed. Civ. Rule 12(b)(1) because they lack standing to obtain the equitable relief that they seek. To establish standing under Article III of the Constitution, Plaintiffs have the burden of showing, *inter alia,* that their alleged injury is likely to be redressed by the relief that they seek. *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006). While past exposure to alleged illegal conduct may provide an injury in fact for seeking damages, it is not sufficient for either declaratory or injunctive relief. *City of Los Angeles v. Lyons,* 461 U.S.

95, 108 (1983) (plaintiff was not entitled to injunctive relief where five months had lapsed since the alleged incident). Instead, Plaintiffs must show that they are "immediately in danger of sustaining some direct injury as [a] result of the challenged [policies]." *Id.* at 101-02 (citations omitted).

Plaintiffs cannot meet this requirement. Based on the statistics alleged in Plaintiffs' own complaint, a border search of an electronic device is an extraordinarily uncommon event. Plaintiffs assert that between October 1, 2008, and June 2, 2010, only 6,500 persons of the hundreds of million people who crossed U.S. borders were subjected to search of their electronic devices. Complaint, ¶ 1. Mr. Abidor alleges that he frequently travels internationally with electronic devices, but he only points to a single, isolated instance on May 1, 2010, in which he claims that his electronic devices were searched at the border. *Id.* ¶¶ 20, 30-54. In fact, he admits that he has traveled internationally at least once since that time and did not have his electronic devices searched at the border. *Id.* ¶ 58. Likewise, while NACDL and NPPA allege that their members frequently travel internationally with electronic devices, the NACDL and NPPA only identify two instances – one in 2007 and one in 2008 – in which they allege that any of members had their electronic devices searched. *Id.* ¶¶ 94, 125. Therefore, Plaintiffs' professed fears that Mr. Abidor or NACDL and NPPA members likely will be subject to future suspicionless searches of their electronic devices are purely speculative, and thus do not give them standing to challenge the policies.

If the Court reaches the merits, the Court should dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6). With respect to Plaintiffs' Fourth Amendment claim, the Supreme Court has long recognized that the "Government's interest in preventing the entry of unwanted persons and effects is at its zenith at the international border." *United States v. Flores-Montano*, 541 U.S. 149, 152-53 (2004). For this reason, the Supreme Court has held that "[r]outine searches of the persons and effects of entrants [into the United States] are not subject to any requirement of reasonable suspicion, probable cause, or warrant . . . ." *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). Recognizing that electronic devices are similar to luggage and other closed containers, numerous courts have upheld border searches of laptops and other electronic devices without suspicion. *See, e.g., United States v. Arnold*, 533 F.3d 1003, 1009 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 1312 (2009); *United States v. Irving*, Case No. 03-cr-633, 2003 WL 22127913, at *5 (S.D.N.Y. Sept. 15, 2003) (citing cases), *aff'd*, 452 F.3d 110 (2d Cir. 2006); *United States v. Bunty*, 617 F. Supp. 2d 359, 365 (E.D. Pa. 2008); *United States v. McAuley*, 563 F. Supp. 2d 672, 679 (W.D. Tex. 2008).

Plaintiffs' argument (Complaint, ¶ 3) that electronic devices should be treated differently than other closed containers due to their potential to store large amounts of personal information has been consistently rejected as contrary to both Supreme Court precedent and common sense. *See e.g., Arnold*, 533 F.3d at 1006; *McAuley*, 563 F. Supp. 2d at 677. Courts have recognized that affording special constitutional protection for electronic devices "effectively would allow individuals to render graphic contraband, such as child pornography, largely immune to border search simply by scanning images onto a computer disk before arriving at the border." *Irving*, 2003 WL 22127913, at *5; *see also United States v. Ickes*, 393 F.3d 501, 506 (4th Cir. 2005) (recognizing that to "create a sanctuary at the border for all expressive material—even for terrorist plans . . . . would undermine the compelling reasons that lie at the very heart of the border search doctrine.").

The Fourth Amendment does not set arbitrary limits on the permissible duration of a border search; indeed, "the Supreme Court has 'consistently rejected [t]he hard-and-fast time limits' in evaluating the reasonableness of border searches and has stressed that 'common sense and ordinary human experience must govern over rigid criteria.'" *Tabbaa v. Chertoff*, 509 F.3d 89, 100 (2d Cir. 2007) (quoting *Montoya de Hernandez*, 473 U.S. at 543). As courts have recognized, search of information on computer or other electronic storage devices poses special difficulties because there is a risk that officers might damage or compromise a file by attempting to access the data. *See United States v. Hill*, 459 F.3d 966, 974 (9th Cir. 2006). Thus, the fact that CBP and ICE policies at issue here allow CBP and ICE to detain electronic devices and to make copies in order to complete a border search does not render those policies invalid. *See* CPB Directive, ¶ 5.3.1; ICE Directive, ¶ 8.3(1).

Likewise, Plaintiffs' First Amendment challenge to the policies fails as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6). An otherwise valid search under the Fourth Amendment does not violate the First Amendment rights of an individual simply because the search uncovers expressive materials. *See Zurcher v. Stanford Daily*, 436 U.S. 547, 563-68 (1978). This proposition is equally applicable in the context of border searches. In *United States v. Borello*, 766 F.2d 46, 58-59 (2d Cir. 1985), the Second Circuit recognized that the search and seizure of films that were not legally obscene in the course of a "reasonable border search" did not implicate the First Amendment, as Customs officials "can permissibly screen" expressive materials at the border. There is no basis to apply a different rule to the search of laptops. Indeed, both the Fourth Circuit and the Ninth Circuit have squarely rejected attempts "to carve out a First Amendment exception to the border search doctrine" in the context of laptop searches. *Ickes*, 393 F.3d at 506; *Arnold*, 533 F.3d at 1010.

Defendants' attorneys are available for a conference on the following dates: January 4-6, 10-12, 14, 19-20, 26-28, and 31, 2011.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

TONY WEST
Assistant Attorney General

ELLIOT M. SCHACHNER
Assistant U.S. Attorney

s/Marcia Sowles
MARCIA SOWLES
Senior Counsel
U.S. Department of Justice, Civil Division

cc: Counsel of Record
    (Via ECF)