

U.S. Department of Justice

Civil Division

*Washington, D.C. 20530*
March 31, 2011

Honorable Edward R. Korman
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:  Abidor, <u>et</u> <u>al</u>. v. Napolitano, <u>et al</u>. CV-10-4059 (Korman, J.) (Azrack, M.J.)

Dear Judge Korman:

     Defendants respectfully write to inform the Court of a recent decision relevant to their motion to dismiss this action.

     Plaintiffs challenge two Department of Homeland Security ("DHS") policies that permit, subject to certain restrictions, border searches of electronic devices, including laptops, without suspicion. In their Memorandum of Law in Opposition to Defendants' Motion to Dismiss, plaintiffs contended, *inter alia*, that a customs officer cannot conduct a search of an electronic device without reasonable suspicion unless he/she concludes the search at the border crossing and returns the device immediately to the traveler. ECF 17 at 27. In support of this contention, plaintiffs cited several district court decisions, including *United States v. Cotterman*, No. CR-07-1207, 2009 WL 465028 (D. Ariz. Feb. 24, 2009).

     That district court decision was reversed on appeal yesterday in a published decision. *United States v. Cotterman*, No. 09-10139, – F.3d – , 2011 WL 1137302 (9th Cir. March 30, 2011) (with one judge dissenting). As an initial matter, the Ninth Circuit reaffirmed its position recognizing the Government's authority to conduct border searches of computers and electronic devices irrespective of suspicion. *Cotterman,* – F.3d at – , 2011 WL 1137302 at *4. The Ninth Circuit then made clear that the Government, under its border search authority, may "transport property not yet cleared for entry away from the border to complete its search" even in the absence of reasonable suspicion. *Cotterman,* – F.3d at – , 2011 WL 1137302 at *5. The Ninth Circuit rejected the argument of the defendant in that case -- also made by the plaintiffs herein -- "that travelers somehow have a constitutionally protected expectation that their property will not be removed from the border for search and, therefore, the Government must either staff every [border crossing] with the equipment and personnel needed to fully search all incoming property or otherwise be forced to blindly shut its eyes and hope for the best absent some particularized suspicion." *Cotterman,* – F.3d at – , 2011 WL 1137302 at *7. The Ninth Circuit *Cotterman* decision leaves "to Congress or [DHS] the decision to promulgate limits " on border searches of electronic devices, and notes that DHS has done so, citing one of the policies that plaintiffs herein challenge. *Cotterman,* – F.3d at – , 2011 WL 1137302 at *7 n.10. Finally, given the Ninth Circuit's decision in *Cotterman*, another district court

decision cited with approval on this point by plaintiffs, *United States v. Hanson*, No. CR-09-946, 2010 WL 2231796 (N.D. Cal. June 2, 2010), is no longer good law.

  Accordingly, for the reasons set forth herein and in the prior filings submitted by defendants in support of their motion to dismiss, defendants respectfully request that the Court grant their motion and dismiss plaintiffs' complaint with prejudice.

Respectfully submitted,

LORETTA E. LYNCH  
United States Attorney

TONY WEST  
Assistant Attorney General

ELLIOT M. SCHACHNER  
Assistant U.S. Attorney

s/Marcia Sowles  
MARCIA SOWLES  
Senior Counsel  
U.S. Department of Justice, Civil Division

cc: Counsel of Record  
 (Via ECF)