

**U.S. Department of Justice**

Civil Division

*Washington, DC 20530*

March 19, 2013

Honorable Edward R. Korman
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Abidor, et al. v. Napolitano, et al.*, CV-10-4059 (Korman, J.) (Azrack, M.J.)

Dear Judge Korman:

    Pursuant to this Court's order dated February 26, 2013, Defendants submit this supplemental letter brief addressing the effect of the decision of the United States Supreme Court in *Clapper v. Amnesty Intl. USA,* __ U.S. __, 2013 WL 673253 (Feb. 26, 2013), on the standing issues presented in this case.

    In *Clapper,* four individual attorneys and various human rights and other organizations challenged the constitutionality of the statutory provisions authorizing the Government to conduct electronic surveillance of non-U.S. citizens abroad. The *Clapper* plaintiffs alleged that they "reasonably believe" that their communications would be intercepted under the challenged provisions because they communicate by telephone and e-mail with individuals abroad whom they believe were likely targets for surveillance under the challenged provisions. *Id.* at *6. Based on this alleged fear, the plaintiffs contended that they had ceased engaging in certain telephone and e-mail conversations and had to undertake burdensome and costly measures such as traveling abroad to have in-person conversations in order to protect the confidentiality of their communications. *Id.* The U.S. Court of Appeals for the Second Circuit had found the plaintiffs had standing because (1) they had shown "an objectively reasonable likelihood" that their communications would be intercepted at some time in the future and (2) they were suffering present economic and professional harms stemming from a reasonable fear of future harmful government conduct. 638 F.3d 118, 134, 138 (2d Cir. 2011).

    The Supreme Court, however, reversed. It held that the *Clapper* plaintiffs lacked standing. As an initial matter, the Court explained that the "law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." 2013 WL 673253, at *7. In light of this purpose, the Supreme Court reaffirmed the principle that the standing inquiry is, therefore, "especially rigorous" when federal courts are asked "to decide whether action taken by one of the other two branches of the Federal Government was unconstitutional." *Id.*

The Supreme Court then found that "the Second Circuit's 'objectively reasonable likelihood' standard" of future injury was inconsistent with the standard applied by the Supreme Court in its prior cases. *Id.* at *8. The Court reaffirmed that the "'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* at *7 (emphasis in original). Applying this more exacting standard, the Court concluded that the *Clapper* plaintiffs' theory that their telephone conversations and e-mails may be subject to surveillance at some future time was too speculative. Specifically, the Court explained that the plaintiffs' allegations that their communications will be subject to surveillance "are necessarily conjectural," and thus insufficient for standing, where the statute simply "*authorizes* – but does not *mandate* or *direct* – the surveillance that [the *Clapper* plaintiffs] fear." *Id.* at *9 (emphasis in original).

The Supreme Court also rejected the *Clapper* plaintiffs' alternative argument that they are suffering present injury because the risk of possible surveillance had forced them to take costly and burdensome measures to protect the confidentiality of their international communications. *Id.* at *11. The Court held the Second Circuit had "improperly water[ed] down the fundamental requirements of Article III" by allowing plaintiffs "to establish standing by asserting that they suffer present costs and burdens that are based on a fear of surveillance, so long as that fear is not 'fanciful, paranoid, or otherwise unreasonable.'" *Id.* (*quoting* 637 F.3d at 137).[1] The Supreme Court stressed that plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* As the Court explained, "allowing [plaintiffs] to bring this action based on costs they incurred in response to a speculative threat would be tantamount to accepting a repackaged version of [the *Clapper* plaintiffs'] first failed theory of standing." *Id.*

Under the *Clapper* decision, Plaintiffs here lack standing to bring their facial constitutional challenges to the policies of U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE"). Like the plaintiffs in *Clapper*, Plaintiffs here attempt to meet the injury requirement for standing in two ways: (1) they allege that they have a well-founded fear that their electronic devices may be searched in the future, and (2) they allege that they suffer a current injury because they have had to take burdensome steps to avoid the harms of such searches. Pls. Opp'n at 12-18, ECF No. 17. These arguments fail for the same reasons as the arguments made by the plaintiffs in *Clapper*.

---

[1] Like Plaintiffs here, the *Clapper* plaintiffs relied upon *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 184-185 (2000), to support their claims of present harm. The Supreme Court found such reliance on *Laidlaw* was misplaced. 2013 WL 673253, at *13. The standing argument in *Laidlaw* "was based on the 'proposition that a company's continuous and pervasive illegal discharges of pollutants into a river would cause nearby residents to curtail their recreational use of that waterway and would subject them to other economic and aesthetic harms.'" *Id.* (*quoting Laidlaw,* 528 U.S. at 184). "Because the unlawful discharges were 'concededly ongoing,' the only issue was whether 'nearby residents' – who were members of the organizational plaintiffs – acted reasonably in refraining from using the polluted area." *Id.* (*quoting Laidlaw*, 528 U.S. at 183-84). In *Clapper,* the Court held that "*Laidlaw* is therefore quite unlike the present case, in which it is not "concede[d]" that [plaintiffs] would be subject to unlawful surveillance but for their decision to take preventive measures." *Id.*

As with the *Clapper* plaintiffs' fears regarding surveillance, Plaintiffs' speculative fears that they may be subject to border searches of their electronic devices sometime in the future are insufficient to establish standing. Significantly, Plaintiffs here have never argued, even in a conclusory manner, that their alleged injury is "certainly impending." Instead, in their opposition, Plaintiffs alleged merely that Plaintiff Abidor and the members of the Plaintiff organizations are more likely to have their electronic equipment searched than are other individuals. Pls. Opp'n at 12-16, ECF No. 17. Even if true – which the Government does not concede – this allegation falls far short of the *Clapper* "certainly impending" requirement for establishing standing in cases challenging the constitutionality of an Executive Branch policy. Like the statute at issue in *Clapper*, the challenged policies simply "*authorize*[] -- but [do] not *mandate* or *direct*"-- the border searches of electronic devices. *Id.* at *9 (emphasis in original).

Likewise, under *Clapper,* Plaintiffs cannot establish a present injury by alleging that they have altered their behavior due to the speculative possibility that their electronic devices may someday be subject to a border search. As the Supreme Court stressed, predicating standing on a party's own conduct, in absence of a "certainly impending" threat of injury, would "improperly water[] down the fundamental requirement of Article III." 2013 WL 673253, at *11.

Accordingly, for the reasons set forth herein and in the prior filings submitted by Defendants in support of their motion to dismiss, Plaintiffs' facial challenge to the policies should be dismissed for lack of standing.

|  |  |
|---|---|
|  | Respectfully submitted, |
| LORETTA E. LYNCH<br>United States Attorney | STUART F. DELERY<br>Principal Assistant Deputy Attorney General |
| ELLIOT M. SCHACHNER<br>Assistant U.S. Attorney | DIANE KELLEHER<br>Assistant Branch Director |
|  | *s/Marcia K. Sowles*<br>Marcia K. Sowles<br>Senior Counsel<br>U.S. Department of Justice, Civil Division |

cc: Counsel of Record
      (Via ECF)