

U.S. Department of Justice

Civil Division

*Washington, DC 20530*

April 10, 2013

Honorable Edward R. Korman
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Abidor, et al. v. Napolitano, et al.*, CV-10-4059 (Korman, J.) (Azrack, M.J.)

Dear Judge Korman:

    Defendants respectfully write to inform the Court of the *en banc* decision in *United States v. Cotterman*, 709 F.3d 952 (9th Cir. 2013) concerning the applicability of the Fourth Amendment to searches of electronic devices at the border.

    The majority opinion in *Cotterman* held that, at the border, law enforcement officers may conduct a manual review of files contained in an electronic device, even in the absence of probable cause or reasonable suspicion. *Id.* at 960, 967. The majority further held that "the forensic examination that comprehensively analyzed the hard drive of the computer" in that case required reasonable suspicion. *Id*. at 961. The majority upheld the validity of both the manual review and the forensic examination at issue in that case. *Id*. at 967-70.

    Three judges dissented from the court's opinion, in two separate dissenting opinions. *Id.* at 971-994. One dissenting opinion noted that the majority opinion is contrary to the holdings of two other courts of appeals and two district courts. *Id*. at 981 (citing *United States v. Ickes*, 393 F. 3d 501, 507 (4th Cir. 2005), *United States v. Linarez-Delgado*, 259 Fed. Appx. 506, 508 (3d Cir. 2007), *United States v. McCauley*, 563 F. Supp. 2d 672, 677-678 (W.D. Tex. 2008), and *United States v. Bunty*, 617 F. Supp. 2d 359, 365 (E.D. Pa. 2008)). The other dissenting opinion stated that the principle underlying the majority opinion -- "that electronic devices deserve special consideration because they are ubiquitous and can store vast quantities of personal information" -- "is fallacious and has no place in the border search context." *Cotterman*, 709 F.3d at 975.

    Defendants provide this notice as an update to the Court, but note that the decision in *Cotterman* is neither controlling nor persuasive. The recent *en banc* decision is inconsistent with the long-established border search doctrine and holdings of other courts which have held that border searches of laptops and other electronic devices do not require reasonable suspicion. *See* Dkt. 15-1 at 21-31 and Dkt. 18 at 7-17.

- 2 -

|  |  |
|---|---|
|  | Respectfully submitted, |
| LORETTA E. LYNCH<br>United States Attorney | STUART F. DELERY<br>Acting Assistant Deputy Attorney General |
| ELLIOT M. SCHACHNER<br>Assistant U.S. Attorney | DIANE KELLEHER<br>Assistant Branch Director |
|  | *s/Marcia K. Sowles*_____<br>Marcia K. Sowles<br>Senior Counsel<br>U.S. Department of Justice, Civil Division |

cc: Counsel of Record
 (Via ECF)