UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                            )
PASCAL ABIDOR, *et al*.                     )
                                            )
                Plaintiffs,                 )   Case No.
                                            )   1:10-cv-04059
        v.                                  )
                                            )   (Korman, J.)
JANET NAPOLITANO, *et al*.                  )   (Azrack, M.J.)
                                            )
                Defendants.                 )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S DECEMBER 31, 2013 ORDER**

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, Plaintiffs respectfully request that the Court reconsider the portion of its December 31, 2013 Order dismissing Plaintiff Abidor's claims for lack of standing. In its Order, the Court relied on the fact that "the Department of Justice attorney conceded at oral argument that the materials 'would have been destroyed but for the fact that cases had been filed,' and that they were being retained as potentially relevant to those cases." *Abidor v. Napolitano*, --- F. Supp. 2d ----, 2013 WL 6912654, at *11 (E.D.N.Y. Dec. 31, 2013) (quoting Hr'g Tr., 32:4-29 (June 8, 2011)).  After the Court's decision came down, however, government counsel clarified that only the images of Plaintiff Abidor's devices will be destroyed. Because Plaintiff Abidor seeks expungement of *all* information unlawfully obtained from his devices, including data extracted or information derived from the contents of his devices or images, the government's representation that it will destroy the images obtained from his devices does not fully address his claim for relief. The Court should therefore amend its order to reflect that Plaintiff Abidor has standing.

## ARGUMENT

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a district court judgment within 28 days after the judgment is entered. Local Rule 6.3 permits parties to file a motion for reconsideration or reargument of a court order within fourteen days after the order is entered. "The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical." *In re New York Comm. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007). A motion under either rule should be granted only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "There are generally three grounds for reconsideration: (1) an intervening change in the law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error or prevent manifest injustice." *In re Zyprexa Prods. Liability Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (Weinstein, J.) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

In briefing before this Court, Plaintiffs argued in relevant part that Plaintiff Abidor has standing because "he seeks expungment of information he believes [the Department of Homeland Security (DHS)] may have retained from his electronic devices." Pls.' Br. 18; *see also* Compl. ¶ 54; U.S. Customs and Border Protection (CBP), "Border Search of Electronic Devices Containing Information," Directive No. 3340-049 (Aug. 20, 2009) (Defs.' Br. Ex. B) ("CBP Policy") § 5.4.1.2 (permitting retention); Immigration and Customs Enforcement (ICE), "Border Search of Electronic Devices," Directive No. 7-6.1 (Aug. 18, 2009) (Defs.' Br. Ex. A) ("ICE Policy") § 8.5(1)(b) (same). As Plaintiffs argued in their papers, the Second Circuit has

recognized that plaintiffs may possess standing based on a demand for expungement. *See* Pls.' Br. 18 (citing *Tabbaa v. Chertoff*, 509 F.3d 89, 96 n.2 (2d Cir. 2007)).

In rejecting this theory of standing, the Court relied on the government's representation, made for the first time at oral argument, that Plaintiff Abidor's "materials 'would have been destroyed but for the fact that cases have been filed,' and that they were being retained as potentially relevant to those cases." *Abidor*, 2013 WL 6912654, at *11 (quoting Hr'g Tr., 32:4-29 (June 8, 2011)). After receiving the Court's opinion, Plaintiffs' counsel contacted government counsel to seek written confirmation that, within some reasonable time period of the litigation fully concluding, "all images of Mr. Abidor's electronic devices [will be] destroyed and that any documents containing data extracted, or information derived, from the contents of the devices or images [will be] destroyed." In response, government counsel refused to provide the requested certification and stated that "[i]n accordance with the representations made at oral argument, when the litigation has fully concluded, Defendants will destroy all *images* of Mr. Abidor's laptop in their possession." (Emphasis added).[1]

In light of this revelation, it appears that the Court's standing determination with respect to Plaintiff Abidor is incorrect, insofar as it relies on the government's representation that his materials will be expunged. In their complaint, Plaintiffs asked that the Court "[o]rder defendant to return *all* information unlawfully obtained from Mr. Abidor and to the extent information cannot be returned, to expunge or otherwise destroy that information, including photographs and fingerprints." Compl. ¶ F (emphasis added). Defendants' representation that they will destroy the images made from Plaintiff's devices does not fully address Plaintiffs' requested relief, because

---

[1] Local Rule 6.3 specifies that "[n]o affidavits shall be filed by any party unless directed by the Court." Counsel for plaintiffs asks this Court to direct that an affidavit be filed to dispel any questions on appeal about the adequacy of the factual record.

3

it provides no indication that they will destroy the information extracted or derived from Plaintiff Abidor's devices or images. Consistent with their representations, Defendants may retain many of Plaintiff Abidor's most sensitive files or detailed records based on information obtained from his devices. Because the government's continued possession of Plaintiff Abidor's information qualifies as a present and ongoing injury sufficient to confer Article III standing, *see Tabbaa*, 509 F.3d at 96 n.2 (citing *Hedgepeth ex rel. Hedgepeth v. Wash. Metro. Area Transit Authority*, 386 F.3d 1148, 1152 (D.C. Cir. 2004)), the Court should amend its ruling to reflect that he has standing.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully asks that the Court reconsider its December 31, 2013 ruling to the extent that it dismissed Plaintiff Abidor's claims for lack of standing.

Respectfully submitted,

/s/ Catherine Crump
Catherine Crump
Hina Shamsi
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone:  (212) 549-2500
Fax:  (212) 549-2583
Email: ccrump@aclu.org

Mason C. Clutter
National Association of Criminal Defense
    Lawyers
1660 L Street, N.W., 12th Floor
Washington, D.C. 20036
(202) 465-7658

Christopher Dunn
Arthur Eisenberg
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2014, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

>Marcia K. Sowles
>Senior Counsel
>U.S. Department of Justice, Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., N.W., Room 7114
>Washington, D.C. 20530
>Phone: (202) 514-4960
>Fax: (202) 616-8470
>Email: marcia.sowles@usdoj.gov
>
>Elliot M. Schachner
>United States Attorneys Office
>Eastern District of New York
>271 Cadman Plaza East
>Brooklyn, NY 11201-1820
>Phone: (718) 254-6053
>Fax: (718) 254-6081
>Email: Elliot.Schachner@usdoj.gov
>
>*Attorneys for Defendants*

/s/ Catherine Crump
Catherine Crump