UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
                                            )
PASCAL ABIDOR, et al.                       )
                                            )
    Plaintiffs,                             )     Civil Action
                                            )     No. 10 CV 4059
    v.                                      )
                                            )     (Korman, J.)
JANET NAPOLITANO, et al.                    )     (Azrack, M.J.)
                                            )
    Defendants                              )
_____)

**OPPOSITION TO MOTION FOR RECONSIDERATION**

In an eleventh hour attempt to resuscitate their claims, Plaintiffs have filed a motion asking this Court to reconsider the portion of its December 31, 2013 Memorandum and Order (ECF Doc. 36) dismissing Plaintiff Pascal Abidor's claims for lack of standing. *See* ECF Doc. 38.[1]  Plaintiffs' motion should be denied because it fails to identify any new issue of law or fact that undermines the Court's finding.  Instead, the motion is Plaintiffs' attempt to create the illusion of a "new" issue based on Defendants' response to an email sent by Plaintiffs' counsel *after* the Court issued its Memorandum and Order.  Contrary to Plaintiffs' contentions, the response to the email is fully consistent with Defendants' prior statements and the policies at issue in this litigation.  Accordingly, Plaintiffs' motion should be denied.

**ARGUMENT**

**A.      Standards for Reconsideration**

The same strict standard governs both motions for reconsideration pursuant to Local Civil Rule 6.3 and motions to alter or amend a judgment pursuant to Rule 59(e) of Federal Rules of

---

[1] While the motion is framed as a motion by Plaintiffs, the relief sought only applies to Mr. Abidor.

1

Civil Procedure. *See In re Zyprexa Product Liability Litigation,* 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009); *Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* No. 97-CV 6612, 2006 WL 355137, at *1 (E.D.N.Y Feb. 15, 2006). Indeed, the Second Circuit and courts in this district repeatedly have characterized the standard for such motions as "strict." *See*, *e.g.*, *Shrader v. CSX Transp. Inc.,* 70 F. 3d 255, 257(2d Cir. 1995); *Concepcion v. United States,* 328 F. Supp. 2d 372, 374 (E.D.N.Y. 2004). Thus, such motions will be denied unless the moving party can demonstrate that there was: (1) an intervening change in controlling law; or (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Medoy,* 2006 WL 355137, at *1. Courts narrowly construe this standard and apply it strictly against the moving party "to dissuade parties from relitigating issues that have already been fully considered by the Court," *id.* at *1, and "to prevent a losing party from 'examining a decision and then plugging the gaps of the lost motion with additional matters.'" *Alvarado v. City of New York,* No. CV-04-2558, 2006 WL 2850602, at *1 (E.D.N.Y Oct. 3, 2006) (citations omitted).

### B. Background

This reconsideration motion was filed after Plaintiffs' counsel sent an email to Defendants' counsel ten days after the Court's December 31, 2013 opinion granting Defendants' motion to dismiss. Plaintiffs' email, sent on January 10, 2014, requested a response from Defendants within two business days. Defendants sent their response, within the time requested, and then Plaintiffs filed for reconsideration, contending that Defendants' response was at odds with prior statements regarding Defendants' intent to destroy any copies of Mr. Abidor's laptop after this litigation was concluded.

Plaintiffs did not attach the email chain to their motion for reconsideration but instead selectively quoted portions of it. To ensure that the complete cited communication is available to

2

the Court, the full text of the emails, as well as the corresponding headers and message information, is set forth below:

>From: Catherine Crump[mailto:ccrump@aclu.org]
>Sent: Friday, January 10, 2014 11:55AM
>To: Sowles, Marcia (CIV)
>Subject: Abidor v. Napolitano
>
>Dear Marcia,
>To follow up on our conversation earlier today, plaintiffs write to request that defendants agree to certify that all images of Mr. Abidor's electronic devices have been destroyed and any documents containing data extracted, or information derived, from the contents of the device or images have been destroyed.  As I mentioned, this is the language that DOJ agreed to in the settlement of House v. Napolitano.[2]  I have attached the settlement agreement in that case.  The relevant language is on page 3 of the PDF, specifically paragraph 7.  Plaintiffs' deadline to file a motion for reconsideration is next Tuesday.  If defendants do not agree to provide the above certification before then, then to protect our clients' interest we will see [sic] reconsideration.
>Best wishes,
>Catherine

In response to this email, Defendants' counsel sent the following email:

>From: Sowles, Marcia (CIV)
>Sent: Tuesday, January 14, 2014 9:54AM
>To: Catherine Crump
>Cc: Schachner, Elliot (USANYE)
>Subject: Re: Abidor v. Napolitano
>
>Dear Catherine,
>
>Thank you for your e-mail of January 10.  We have discussed this matter with the Defendants.  Defendants will not be providing the additional documentation or representation as you requested in your email.  Defendants stand by the representations made to the Court at the oral argument, which are set forth at pages 31-32 of the transcript of the oral argument.  In accordance

---

[2]  In *House v. Napolitano*, No. 11-10852-DJC, 2012 WL 1038816 (D. Mass. March 28, 2012), plaintiff alleged that defendants' search and detention of his electronic devices at the border violated his rights under the First and Fourth Amendments, including his right of association with the Bradley Manning Support Network, a group with which plaintiff was involved.  The case was later dismissed pursuant to a settlement.

with the representations made at the oral argument, when the litigation has
fully concluded, Defendants will destroy all images of Mr. Abidor's laptop in
their possession.

Marcia Sowles

## C. This Court Should Deny Plaintiffs' Motion for Reconsideration.

As the text cited above indicates, Defendants' statement in this email is consistent with the representations made to the Court at the oral argument on July 8, 2011. At the oral argument, Defendants' counsel stated that "a copy was made and to the extent that defendants are still retaining it, it's been retained because the suit has been filed, so that it's being retained for litigation purposes." Hr'g Tr., 31:21-24. The Court then asked "But if not for that, you would give – you would have destroyed it?" *Id.* at 32:2-3. Defendants' counsel responded by stating: "Otherwise, that would have been destroyed but for the fact that the cases [sic] had been filed," and it was being retained pursuant to Rule 26 as potentially relevant to the case. *Id.* at 32:4-9.

To the extent that Plaintiffs believed these representations made to the Court at oral argument in 2011 were insufficient or unclear in any way, they could have sought clarification or further explanation at any point during the more than twenty-nine months between the date of the oral argument and the date of the Court's Memorandum and Order. Plaintiffs did not do so. Their alleged confusion only took on urgency and importance after this Court had granted Defendants' motion to dismiss. Indeed, well over a year after oral argument, in their March 19, 2013 supplemental letter brief to the Court regarding the decision in *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138 (2013), Plaintiffs did not suggest, as they do now, that Mr. Abidor sought any broader relief than destruction of any copies of his electronic devices. Instead, they argued that "even if this Court were to conclude that plaintiffs lack standing to seek facial invalidation of the challenged policies, plaintiff Abidor would plainly have standing to seek return or

4

destruction of the copy of one or more of his electronic devices that the government conceded at oral argument it continues to retain." Letter from Catherine Crump to Honorable Edward R. Korman, dated March 19, 2013 (ECF Doc. 34) citing to the Transcript at 31-32.[3]

Contrary to Plaintiffs' suggestions, Defendants' responsive email is on all fours with the statements made by Defendants' counsel at the hearing and with the challenged policies. In accordance with those policies, once this litigation is completed, Defendants will destroy the copies (images) of Mr. Abidor's laptop. Nothing in those policies or the statements made by Defendants' counsel at the hearing suggests that Defendants have any duty to provide Plaintiffs' counsel with a certification attesting to that destruction.

Nor do the Directives or Defendants' counsel statements at the hearing suggest that all documents describing the search or using information found in the search will be destroyed.[4] Plaintiffs' position – that Defendants cannot retain any information derived from the border search of Mr. Abidor's electronic device – would mean that Defendants would be under an obligation to destroy copies of Plaintiffs' complaint (which states that the CBP officer focused on certain pictures of rallies of Hamas and Hezbollah contained in Mr. Abidor's laptop) (Complaint, ¶ 32); the Court's December 31, 2013 opinion (which itself refers to those same

---

[3] In their memorandum, Plaintiffs attempt to find some significance in the fact that Defendants' counsel used the word "images" of Mr. Abidor's laptop in her email response. ECF Doc. 38-1 at 3 (highlighting the word "images"). This claim, however, ignores the fact that Plaintiffs' counsel used the term "images" in her email query, and Defendants' use of the term was in response to that email query. Thus, there is no substantive difference between Defendants' email response and their statements at oral argument.

[4] Moreover, the cases cited by Plaintiffs to support Mr. Abidor's standing (*see Hedgepath v. Wash. Metro. Area Transit Auth.,* 386 F.3d 1148, 1152 (D.C. Cir. 2004); *Tabbaa v. Chertoff,* No. 05-CV-5828, 2005 WL 3531828 (W.D.N.Y. Dec. 22, 2005), *aff'd* 509 F.3d 89, 96 n.2 (2d Cir. 2007)), are inapposite. Here, Mr. Abidor has made no attempt to show how he would be injured by retention of information regarding the search. Indeed, as this Court recognized in its opinion, although Mr. Abidor "by his own admission travels frequently between Canada and the United States," his computer has not been subject to any further searches. ECF Doc. 36 at 19.

5

pictures) (ECF 36 at 8); and any records documenting the results of the search of Mr. Abidor's laptop.[5] Moreover, the Directives specifically require ICE agents and CBP officers to make reports regarding the searches. *See* CBP Directive §§ 5.5 & 5.6.l; ICE Directive, §§ 8.5(b), 8.7. Such reports are maintained to document agency activities and to provide oversight to ensure that border searches are conducted in accordance with these policies. Indeed, if Defendants did not retain information documenting the searches conducted by CBP or ICE, the agencies would run afoul of other federal requirements for record-keeping, as Defendants' policies implicitly acknowledge. *See*, *e.g.*, Federal Records Act, 44 U.S.C. § 3301 *et seq*.[6]

Moreover, Plaintiffs fail to explain how a favorable decision on this motion would change the results of this case. Mr. Abidor's request for expungement in the Complaint was predicated on the assumption that the Court would find that the search of Mr. Abidor's laptop was unlawful. *See* Complaint, ¶ F (requesting the Court to "[o]rder defendant to return all

---

[5] The ICE Directive states that "[n]othing in this policy limits the authority of the Special Agents to make written notes or reports or to document impressions relating to a border encounter in ICE's paper or electronic recordkeeping systems." ICE Directive 7-6.1 (Aug. 18, 2009) ("ICE Directive") at § 6.3. It also explains that "[t]o the extent authorized by law, ICE may retain information relevant to immigration, customs, and other law enforcement matters in ICE systems if such retention is consistent with the privacy and data protection policies of the system in which the information is retained." *Id.* at § 8.5.1.b. "For example, information entered into TECS during the course of an investigation will be retained consistent with the policies governing TECS." *Id.* Similarly, the CBP Directive accounts for investigative reports and review, officer notes and impressions, and other recordkeeping by permitting the retention of information "relating to immigration, customs, and other enforcement matters if such retention is consistent with the privacy and data protection standards of the system of records in which such information is retained." CBP Directive No 3340-049 (Aug. 20, 2009) ("CBP Directive") at § 5.4.1.2.

[6] The Federal Records Act defines records to include all records "made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by the agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of the data in them." 44 U.S.C. § 3301.

information unlawfully obtained from Mr. Abidor and to the extent information cannot be returned, to expunge or otherwise destroy that information, including photographs and fingerprints"). Plaintiffs' motion ignores the fact that the Court has held, in the alternative, that the search did not violate Mr. Abidor's constitutional rights. Thus, even if Mr. Abidor could establish standing to seek expungement, his claims would still be dismissed.

Finally, there is no basis for Mr. Abidor to seek the relief he now claims to have been denied. Indeed, Mr. Abidor does not even address the issue of whether he could succeed on the merits of his expungement claim. He cites no case for the proposition that expungement is available as a remedy for a search which has withstood a legal challenge, as is true here.[7] Even using the standards for expungement of arrest records by persons who were subsequently exonerated of criminal liability, Mr. Abidor would not be entitled to expungement. Courts in this Circuit have routinely declined motions to expunge arrest records of persons who thereafter avoided criminal liability, holding that such relief is available only in extreme circumstances. *See, e.g., United States v. Schnitzer*, 567 F. 2d 536, 540 (2d Cir. 1977) (affirming the denial of expungement of the record of an arrest that was found legal, even though the indictment of the arrestee was subsequently dismissed and the arrestee alleged that arrest record caused him problems, because he is a rabbinical student); *Wadipian v. United States*, No. 09-CV-0321, 2011 WL 1464179 at *3 (E.D.N.Y. Apr. 15, 2011) (Bianco, J.) (denying motion by arrestee whose indictment was dismissed, and who alleged that he was unable to find work due to his arrest record); *United States v. Grant*, No. CR-94-0018, 2008 WL 2039309 at *2-*3 (E.D.N.Y. 2008)

---

[7] Even if the search of Mr. Abidor's electronic devices was found unlawful—a claim already rejected by this Court—he still would not be able to obtain an order requiring destruction of any document "containing data extracted, or information derived, from the contents of the device or images" because there is nothing unlawful about the Government's retention of materials derived from a search later determined to be unconstitutional. *See, e.g., Illinois v. Krull*, 480 U.S. 340, 347-61 (1987).

(Sifton, J.) (denying motion by arrestee who was subsequently acquitted of all criminal charges, and who alleged that she was unable to find work due to her arrest record). Abidor has made no showing of extreme circumstances. Thus, there is no basis for the Court to reconsider its ruling on Mr. Abidor's standing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

| | |
|---|---|
| LORETTA E. LYNCH<br>United States Attorney | STUART F. DELERY<br>Assistant Attorney General |
| ELLIOT M. SCHACHNER<br>Assistant U.S. Attorney | DIANE K. KELLEHER<br>Assistant Branch Director |
| | s/Marcia Sowles<br>MARCIA SOWLES<br>Senior Counsel<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>20 Massachusetts Ave., N.W., Room 7114<br>Washington, D.C. 20530<br>Tel.:   (202) 514-4960<br>Fax:   (202) 616-8470<br>Email: marcia.sowles@usdoj.gov |