UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                            )
PASCAL ABIDOR, *et al*.                     )
                                            )
            Plaintiffs,                     )   Case No.
                                            )   1:10-cv-04059
    v.                                      )
                                            )   (Korman, J.)
JANET NAPOLITANO, *et al*.                  )   (Azrack, M.J.)
                                            )
            Defendants.                     )
_____)

**REPLY IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION**

Relying on Defendants' representations at oral argument, the Court held that Plaintiff Abidor lacks standing to challenge Defendants' continued possession of his information, because his "*materials* 'would have been destroyed but for the fact that cases [sic] had been filed,'" and would be destroyed as soon as the case terminated. Mem. and Order at 20, ECF No. 36 (emphasis added) (quoting Hr'g Tr., 32:4-29 June 8, 2011). Defendants, however, have made clear that they intend to expunge only the "copies (images) of Mr. Abidor's laptop," and have no plans to destroy data extracted, or information derived, from Mr. Abidor's device. Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 5–6, ECF No. 39. Defendants will therefore continue to possess materials derived from their unconstitutional search of Plaintiff Abidor's device. Plaintiff plainly has standing to seek expungement of that information. *See Tabbaa v. Chertoff*, 509 F.3d 89, 96 n.2 (2d Cir. 2007). The Court should amend its ruling to reflect that reality.

**ARGUMENT**

I.  **Plaintiff Abidor Has Standing to Challenge Defendants' Continued Retention of Information Extracted or Derived from His Laptop.**

1

Defendants primarily object to Plaintiffs' motion for reconsideration on the grounds that they did not make any misrepresentations to the Court, during oral argument or otherwise. In so arguing, they misconstrue the import of Plaintiffs' motion. Plaintiffs do not suggest that Defendants have been less than forthright in their dealings with the Court; rather, Plaintiffs contend only that the Court erroneously dismissed Plaintiff Abidor's claims based on a misunderstanding of what would happen to his information. The Court expressly predicated its rejection of Plaintiff Abidor's expungement-based theory of standing on the observation that his "materials" (i.e., information) were being retained only insofar as they were relevant to the pending matter, and would presumably be returned or expunged as soon as the matter terminated. Mem. and Order at 19–20. When Plaintiffs contacted Defendants to confirm that Defendants would in fact destroy Plaintiff Abidor's information, however, they were informed that Defendants intended to destroy only the images made from Plaintiff Abidor's laptop, and would not destroy the information derived or extracted from the device. *See* Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 3–4.[1] Plaintiffs brought this motion for reconsideration to alert the Court to this misunderstanding.

Defendants' manifest intention to retain possession of information derived or extracted from Plaintiff Abidor's laptop significantly changes the standing analysis. In *Tabbaa*, the Second Circuit made clear that the government's continued possession of information obtained from an allegedly unconstitutional search confers Article III standing. *See* 509 F.3d at 96 n.2. In that case,

---

[1] Defendants needlessly accuse Plaintiffs of "selectively quot[ing] portions" of their email exchange. Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 2–3. As Plaintiffs explained in their motion for reconsideration, Local Rule 6.3 prohibits parties from filing affidavits in support of reconsideration motions without the Court's leave. Mem. in Support of Pls.' Mot. for Partial Reconsideration at 3 n.1, ECF No. 38. Plaintiffs requested leave to file an affidavit detailing their emailing exchange with Defendants. *Id.*

the plaintiffs were subjected to an extensive border search on their return to the United States from Canada. *Id.* at 92. Raising statutory and constitutional challenges to the Customs and Border Patrol (CBP) policy authorizing the search, plaintiffs asked the district court for both a preliminary injunction preventing CBP from issuing similar policies in the future and "expungement of *all* data received by the government as a result of the searches." *Id.* (emphasis added). On appeal, the plaintiffs sought only expungement. *Id.* Although the Second Circuit ultimately upheld CBP's policy against the plaintiffs' statutory and constitutional challenges, *id.*, it noted in its decision that "Defendants properly do not contest that plaintiffs possess Article III standing based on their demand for expungement," *id.* at 96 n.2. Similarly here, Plaintiff Abidor has standing to seek expungement of all the information unconstitutionally obtained from the warrantless border search of his laptop.[2]

Defendants assert that an order requiring them to destroy all information unlawfully derived or extracted from Plaintiff Abidor's laptop would be unworkable, as it would require them to "destroy copies of Plaintiffs' complaint (which states that the CBP officer focused on certain pictures of rallies of Hamas and Hezbollah contained in Mr. Abidor's laptop) (Complaint, ¶ 32); the Court's December 31, 2013 opinion (which itself refers to those same pictures) (ECF 36 at 8); and any records documenting the results of the search of Mr. Abidor's laptop." Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 5–6. Contrary to Defendants' suggestion,

---

[2] Defendants attempt to distinguish *Tabbaa* by arguing that Plaintiff Abidor, unlike the *Tabbaa* plaintiffs, has not shown that the continued possession of his information will increase his risk of future border searches. *See* Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 5 n.4 (citing *Tabbaa v. Chertoff*, No. 05-CV-582S, 2005 WL 3531828 (W.D.N.Y. Dec. 22, 2005)). This argument misses the mark, for two reasons. First, the Second Circuit nowhere suggested that a plaintiff must demonstrate an increased risk of future searches, or other types of harm, to assert expungement-based standing. *See* 509 F.3d at 96 & n.2. Second, the district court in that case reasoned that the continued possession of unlawfully obtained information is *itself* an Article III injury-in-fact because it *could* lead to increased risk of future harm. 2005 WL 3531828, at *9.

however, a proper expungement order would not require them to destroy copies of the Complaint or this Court's opinion, because those documents both refer to information voluntarily supplied by Plaintiffs. Nor have Defendants demonstrated that the destruction of Plaintiff Abidor's sensitive information would create an irresolvable conflict with the government's records maintenance and retention policies. Indeed, as part of the settlement agreement in *House v. Napolitano*, a case similar to this one in many respects, the government agreed to issue affidavits certifying that it retained "no documents contain[ing] data extracted, or information derived, from the contents of [Mr. House's] devices or images [made of those devices]." No. 11-10852-DJC, 2012 WL 1038816 (D. Mass. March 28, 2012), Settlement Agreement, Appendix A ¶ 6, *available at* https://www.aclu.org/files/assets/house_settlement.pdf. Presumably, Defendants can achieve similar results in Plaintiff Abidor's case.

Moreover, Defendants are wrong to suggest that the Court lacks the power to order the return or destruction of information the government seized from Plaintiff Abidor's laptop. Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 6. There is ample precedent for this practice. By analogy, under Federal Rule of Criminal Procedure 41(g), courts can order the government to return seized property to criminal defendants and have discretion to decide whether it is reasonable for the government to retain copies.[3] Plaintiff Abidor's privacy interest in the seized data also weighs heavily in favor of requiring the government to return the data and destroy all copies. In *United States v. Comprehensive Drug Testing, Inc.*, the Ninth Circuit upheld an order requiring the government to return illegally seized data on Major League Baseball's drug testing program without retaining copies. 621 F.3d 1162, 1174 (9th Cir. 2010). In so holding, the court

---

[3] The Advisory Committee notes to the 1989 amendments to Rule 41 make clear that in some cases, "equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized."

4

noted that "[t]he risk to the players associated with disclosure, and with that the ability of the Players Association to obtain voluntary compliance with drug testing from its members in the future, is very high." *Id.* The privacy interests cited by the Ninth Circuit parallel Plaintiff Abidor's interests in preserving the privacy of information relating to his academic research.[4]

## II. Plaintiff Abidor Has Consistently Sought Expungement of All Information Derived From the Unconstitutional Search of His Laptop.

Plaintiff Abidor has consistently asked the Court to issue an order requiring Defendants to return or destroy all of his unconstitutionally obtained information. In the Complaint, he asked that the Court "[o]rder Defendants to return all information unlawfully obtained from Mr. Abidor and to the extent information cannot be returned, to expunge or otherwise destroy that information, including photographs and fingerprints." Compl. ¶ F. And Plaintiffs' Opposition to Defendants' Motion to Dismiss argued that Plaintiff Abidor has standing because "he seeks expungement of information he believes DHS may have retained from his electronic devices." Pls.' Opp. to Defs.' Mot. to Dismiss at 18. From the onset of this litigation, then, Defendants have been fairly apprised that Plaintiff Abidor seeks the return or destruction not only of the images made from his laptop, but *all* information obtained through the warrantless search and seizure of his electronic device. Indeed, Defendants acknowledged Plaintiff Abidor's request for "expungement of information he believes DHS may have retained from the May 2010 border

---

[4] Defendants mistakenly rely on *Illinois v. Krull*, 480 U.S. 340, 347-61 (1987), to suggest that even if this Court finds the search to be unconstitutional, the government should be able to retain the data. Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 7 n.7. The good faith exception to the exclusionary rule discussed in *Krull* is not applicable to this situation. An inquiry regarding the return of seized items is different from an inquiry regarding their suppression in a criminal case. *See Comprehensive Drug Testing, Inc.*, 621 F.3d at 1172 (noting the "the crucial distinction between a motion to suppress and a motion for return of property: The former is limited by the exclusionary rule, the latter is not"). That is because the two areas of law serve different interests: The exclusionary rule serves to deter unlawful behavior by law enforcement, while the return of seized property provides a remedy for the individual whose property interests were violated. *Id.* at 1173.

5

search of his laptop," and conceded that the expungement claim "arguably confers standing for his separate challenge to that particular search." Defs.' Reply in Supp. of Mot. to Dismiss at 2 n.1. They may not now claim surprise or prejudice at the scope of his request.

Defendants attempt to draw some significance from the particular wording of Plaintiffs' March 19, 2013 supplemental letter brief to the Court regarding the Supreme Court's decision in *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013), which argued that Plaintiff Abidor has standing "to seek return or destruction of the copy of one or more of his electronic devices that the government conceded at oral argument it continues to retain." Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 4–5 (quoting Letter from Catherine Crump to Honorable Edward R. Korman, March 19, 2013, ECF No. 34). But Plaintiffs' supplemental letter brief does not control the claims before this Court, the Complaint does. *Cf. Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (collecting cases)). And, as already discussed, both the Complaint and Plaintiffs' Opposition to Defendants' Motion to Dismiss clearly articulate Plaintiff Abidor's request for judicial relief ordering Defendants to return or destroy all information derived from the unconstitutional search of his laptop. Litigation is not a game of "gotcha" where one arguably ambiguous statement serves to waive a properly pleaded and briefed claim. It therefore avails Defendants nothing to locate isolated incidents where Plaintiffs' counsel referred to "copies" instead of "information."

### III. Plaintiff Abidor Properly Seeks Relief Through His Motion for Partial Reconsideration.

Finally, Plaintiff Abidor's motion for partial reconsideration is a proper avenue for the relief he seeks—clarification of the record and a factual finding of standing, in anticipation of a possible appeal. Both Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) allow a party to

6

seek relief from a district court order or judgment based on a factual mistake. *See, e.g.*, *In re Zyprexa Prods. Liability Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (Weinstein, J.) ("There are generally three grounds for reconsideration: (1) an intervening change in the law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error or prevent manifest injustice."); *see also Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007) ("Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good."). That is precisely what Plaintiff Abidor seeks to do here.

Defendants maintain that Plaintiff Abidor's motion for reconsideration is invalid, because a favorable decision would not meaningfully alter the result in this case, given the Court's alternative holding on the merits. Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 7. But courts often grant reconsideration with respect to an alternative holding, even where doing so does not alter the court's ultimate resolution of the case. *See Arnold v. Farmers Ins. Co.*, 827 F. Supp. 2d 1289 (D.N.M. 2011) (revising the court's prior opinion regarding the availability of loss-of-use coverage under New Mexico's Uninsured Motorist Act, but reaffirming the court's alternative holding that plaintiffs could not recover loss-of-use damages in the instant case); *Baranowski v. Waters*, Civil Action No. 05-1379, 2008 WL 4000406 (W.D. Pa. Aug. 25, 2008) (granting a motion for reconsideration in part and vacating the court's prior memorandum insofar as it held that the plaintiff's claim was barred by the statute of limitations, but reaffirming the court's alternative grant of summary judgment for defendants on constitutional grounds). Nor are Defendants correct in asserting that revision in this case would be purely cosmetic. A trial court judge's factual findings with respect to standing are reviewed for clear error on appeal, *Vermont Right to Life Comm. Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir. 2000), based solely on the record

7

made in the trial court. *See* Fed. R. App. P. 10(a)(1); *United States v. AVX Corp.*, 962 F.2d 108, 120 (1st Cir. 1992) ("Because NWF has failed, despite ample opportunity, to place in the record specific facts sufficient to support standing, its appeal must be dismissed."). A decision revising the Court's findings with respect to Defendants' disposition of Plaintiff Abidor's information could therefore have a significant effect on the outcome of this case, regardless of the Court's statements on the merits. Moreover, such revision would serve the interest judicial efficiency by clarifying the issues on appeal. The Court should take this opportunity to amend its decision.[5]

---

[5] Defendants also contend that Plaintiff Abidor has not demonstrated that expungement is available as a remedy for a search that has withstood legal challenge. Defs.' Opp. to Pls.' Mot. for Partial Reconsideration at 7–8. Plaintiffs, however, do not concede that Defendants' search will ultimately withstand legal challenge. Defendants' reliance on cases holding that the government need not expunge validly obtained arrest records, even where the arrestee was subsequently acquitted or his indictment was dismissed, is therefore misplaced.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully asks that the Court reconsider its December 31, 2013 ruling to the extent that it dismissed Plaintiff Abidor's claims for lack of standing.

Respectfully submitted,

/s/ Catherine Crump
Catherine Crump
Hina Shamsi
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2583
Email: ccrump@aclu.org

Mason C. Clutter
National Association of Criminal Defense
    Lawyers
1660 L Street, N.W., 12th Floor
Washington, D.C. 20036
(202) 465-7658

Christopher Dunn
Arthur Eisenberg
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300