## BENCH MEMORANDUM

**RE:**     *Abidor v. Napolitano*, 10-cv-04059:  Fed. R. Crim. P 41(g)
**DATE:**   April 9, 2014

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  "A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action."  *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008).  While "[c]ommencement of a civil or administrative forfeiture proceeding ordinarily deprives the district court of subject matter jurisdiction to review the merits of the forfeiture under Rule 41(g) . . . once the forfeiture proceeding is completed, and the claimant no longer has the opportunity to raise objections to the seizure in that forum, civil equitable jurisdiction may be invoked."  *Id.* at 610-11.  Of course, in this case, there has been no criminal proceeding or civil forfeiture proceeding.  With respect to remedies available on a Rule 41(g) motion, the Second Circuit explained in *Diaz* that:

> As to civil equitable actions brought for the return of property after the conclusion of criminal proceedings, such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return.  A district court can order the return of property that is in the hands of the government.

*Id.* at 611 (internal citations and quotation marks omitted); *see also Polanco v. U.S. Drug Enforcement Admin*, 158 F.3d 647, 652 (explaining that where complaint seeks only equitable relief, as opposed to money damages such as in a *Bivens* action, for wrongful agency action, sovereign immunity is waived under Section 702 of the Administrative Procedure Act).