UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PASCAL ABIDOR, et al. ) | |
| ) | |
| Plaintiffs, ) | Civil Action |
| ) | No. 10 CV 4059 |
| v. ) | |
| ) | (Korman, J.) |
| JANET NAPOLITANO, et al. ) | (Azrack, M.J.) |
| ) | |
| Defendants ) | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM**

This Court has advised the parties that it is "treating the motion for partial reconsideration as, in the alternative, a motion pursuant to [Federal Rule of Criminal Procedure] 41(g) for return of property," and directed the parties to submit memoranda addressing this issue.  *See* Order dated March 26, 2014.[1]  Pursuant to that order, Defendants submit this supplemental memorandum.  Not content with Defendants' willingness to destroy the copies made of his computer during a lawful border search and retained solely for purposes of this litigation, Plaintiff Abidor Pascal ("Plaintiff") now seeks an order requiring Defendants to destroy "any documents containing data extracted, or information derived, from the contents of the devices or images."  *See* ECF Doc. 38-1 at 3.  This Court should reject Plaintiff's motion for reconsideration for two reasons.  First, the Court lacks jurisdiction to order any relief pursuant to Rule 41.  Second,

---

[1] In the absence of a pending criminal proceeding (to which Rule 41 normally applies, *Diaz v. United States*, 517 F. 3d 608, 610 (2d Cir. 2008)), a Rule 41(g) motion "is treated as a civil equitable action." *Id.*  A court decides the civil equitable action by looking to Rule 41(g) case law.  *See Karron v. United States*, No. 12 Civ. 118-RPP, 2012 WL 2105834, at * 2 (S.D.N.Y. June 7, 2012).

Defendants have already returned Plaintiff's property and represented all copies will be destroyed. Plaintiff is not entitled to seek destruction of "any document containing data extracted, or information derived from the contents of the devices or images"–which would require expungement of records generated in connection with a search this Court has already ruled to be lawful. Reconsideration based on Plaintiff's motion or Rule 41 is thus unwarranted, and his motion should be denied.

### A. This Court Lacks Jurisdiction to Order Any Relief Pursuant to Rule 41(g).

As an initial matter, this Court lacks jurisdiction to provide any relief to Plaintiff pursuant to Rule 41. Requests for the return of property "must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). In this case, Plaintiff alleges that his devices were detained in the Northern District of New York. *See* ECF Doc. 1 (Compl.), ¶¶ 25, 42-43. Therefore, if Plaintiff seeks the return of his property under Rule 41(g), then this Court is not the appropriate place to do so, rather Plaintiff must file that request in the appropriate district—the U.S. District Court for the Northern District of New York and not this Court. *See Rogers v. United States,* 10 Civ 1247, 2010 WL 4968184, at *1 (S.D.N.Y. Nov. 30, 2010).

### B. Relief Is Limited to Return of the Property Seized and Does Not Extend to Government Records Related to the Lawful Search of Plaintiff's Laptop.

Rule 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). To prevail on a Rule 41(g) motion, "[t]he movant is required to show that he is entitled to lawful possession of the property." *Ferreira v. United States,* 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (quoting 3A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure,* § 673 (3d ed. 2004)). Here, Plaintiff cannot show that

2

he is aggrieved by any Government action; Plaintiff's property—namely, his laptop computer and the data on it at the time the Government detained it—has already been returned to him, thus, there is nothing more to return.

In addition, as this Court acknowledged in its earlier dispositive Memorandum and Order, Defendants have represented already that they will destroy all copies (images) of Plaintiff's laptop in their possession when this litigation is concluded.[2]  ECF 36 at 20 (quoting Hr'g T., 32:4-9 (July 8, 2011)).  Defendants stand by this representation. Indeed, this representation is consistent with the agency directives Plaintiff challenged in this lawsuit.  ICE Directive No. 7-6.1, § 8.5(e) (Aug. 19, 2009); CBP Directive No. 3340-049, § 5.3.1.2 (Aug. 20, 2009).  Moreover, Defendants' representation provides at least as much, if not more, than what is generally required by Rule 41 in any other context.[3]  But even this does not satisfy Plaintiff, because he seeks not only the return of his property (which has already been returned), but also the destruction of Defendants' records

---

[2] Defendants' representation has been and continues to be that the only reason they are retaining any copies of Plaintiff's laptop computer is pursuant to a litigation hold required for this litigation.  *See* Hr'g T., 32:4-9 (July 8, 2011); ECF Doc. 39 (Opp. to Motion for Reconsideration) at 3-4.

[3] Rule 41 permits the Government to retain copies in appropriate circumstances—particularly when the lawfulness of its actions is not in question.  *See In re Search Warrant for Premises of Intertext Apparel, Ltd.*, 05-MAG-1744, 2006 WL 250522, at *4 (S.D.N.Y. Feb. 1, 2006).  An Advisory Committee's Note to Rule 41, as Plaintiffs asserted in their reply (ECF Doc. 40 at 4 n.3), states that in some cases "equitable considerations might justify an order requiring the government to return or destroy all copies of the records that it has seized."  Fed. R. Crim. P. 41(g) advisory committee's note.  But that note is inapposite and has no application here because Defendants already have represented that, when this case is concluded, they will destroy all copies that have been retained.  *See* Hr'g T., 32:4-9 (July 8, 2011).  Moreover, as set forth in more detail herein, no equitable considerations exist that would justify the relief Plaintiff is seeking in this motion.

associated with the lawful inspection and detention of his laptop. Nothing in Rule 41(or any other legal provision) entitles Plaintiff to such relief.

Rule 41(g) does not apply to any of Defendants' records that were generated in connection with the search of Plaintiff's computer. Such records are Government property and do not now, nor ever did, belong to Plaintiff. *See Bova v. United States,* 460 F.2d 404, 407 (2d Cir. 1972) (tapes and logs of wiretap conversations are the Government's property, not property of the appellants'); *Ferreira,* 354 F. Supp. 2d at 409 (same). Since Plaintiff neither owns nor can claim to own any such Government records, he cannot seek expungement of them, particularly where the Government actions at issue have been found to be lawful.

### C. Even if the Court Had Discretion to Order Expungement, the Equities Do Not Favor the Granting of Such Relief in this Case.

Further, none of the present circumstances justify a requirement that Defendants destroy Government records generated in connection with the lawful search of Plaintiff's computer. Relief under Rule 41(g) is equitable in nature, and thus "is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *United States v. Zaleski,* 686 F.3d 90, 92 (2d Cir. 2012) (quoting *De Almeida v. United States,* 459 F.3d 377, 382 (2d Cir. 2006)). As the Second Circuit stressed, "[j]urisdiction under Rule 41 'is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials.'" *De Almeida*, 459 F. 3d at 482 (quoting *Application of Campola,* 543 F. Supp. 115, 117 (N.D.N.Y.1982)). In determining whether the equities warrant relief, courts have considered various factors, including (1) "whether the Government displayed callous disregard for the constitutional rights of the movant," (2) "whether the

4

movant has an individual interest in and need for the property he wants returned" and (3) "whether the movant would be irreparably injured by denying the return of the property." *United States v. Huggins,* No. 13-CR-001555, 2013 WL 1728269, at *4 (S.D.N.Y. Mar. 22, 2013), adopted, 2013 WL 1736466 (S.D.N.Y April 11, 2013).

These factors weigh heavily against granting Plaintiff relief here. First, Plaintiff cannot establish that the Defendants displayed a callous disregard for his constitutional rights because this Court has already concluded that the border search of Plaintiff's computer was lawful. ECF Doc. 36 at 31-32. The Court's earlier dispositive ruling that found the search lawful counsels greatly against providing Plaintiff any of the further relief he now seeks.

Thus, contrary to Plaintiff's assertion (ECF Doc. 40 at 4), this case is a far cry from *United States v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162 (9th Cir. 2010) ("*CDT*"). The *CDT* case involved an ongoing grand jury investigation into illegal steroid use by professional baseball players, in which the court concluded that the government had "circumvent[ed] or willfully disregard[ed] limitations in a search warrant." *Id.* at 1174.[4] Indeed, the Ninth Circuit's decision in *CDT* depended on the conclusion—

---

[4] As part of that investigation, the Government obtained a warrant from the Central District of California authorizing the search for records of ten players as to whom the Government had probable cause to suspect of receiving illegal steroids. The Government also obtained a warrant from the District of Nevada for urine samples on which the drug tests had been performed. Both district courts found that the Government had failed to comply with the restrictions in the warrants. The California district court found that the Government had seized the tests results of not only the ten players for whom the Government had probable cause, but results of hundreds of other players and athletes engaged in other sports. *Id.* at 1169. It also found that the Government had failed to comply with strict restrictions in the warrant on how the seized data from a computer was to be handled to ensure that data beyond the scope of the warrant would not fall into the hands of investigators. *Id.* at 1168-1170. Similarly, the Nevada district court found that

5

affirming the findings of three district court judges—that the Government had acted with "a callous disregard for the rights of third parties." *Id.* Only in those very different circumstances—where the Government was found to have acted unlawfully and with respect to third parties—did the Ninth Circuit go on to uphold extraordinary relief for the return of the improperly seized records and the expungement of certain investigative records.[5] *CDT* is wholly inapposite here because there is no suggestion that Defendants' actions executing the lawful border search exhibited a callous disregard for anyone's constitutional rights.

Second, Plaintiff does not have any valid interest in or need for the records at issue. As explained *supra* at 2-3, this is not a case in which Plaintiff is seeking return of his own property. His laptop has already been returned to him. Moreover, Defendants have already represented to the Court that they will destroy the copies made of Plaintiff's computer. Government records generated in connection with the lawful search and detention of Plaintiff's computer are not items in which Plaintiff has a valid interest. See ECF Doc. 39 (Defs. Opp. to Reconsideration) at 6.

In addition, as previously explained, Defendants maintain reports to document agency activities and provide oversight to ensure that border searches are conducted in accordance with Government policies and directives. *See* ECF Doc. 39 at 6; *see also*

---

Government had failed to comply with the procedures specified in the warrant. *Id.* at 1170.

[5] In fact, the Ninth Circuit's rationale for the extraordinary relief in *CDT* not only focused on the Government's disregard of the limitations on the warrants, but also on the sensitive and private nature of the medical records at issue, which concerned third parties, and the risks from disclosure. *Id.* at 1174. The Ninth Circuit noted that some players had already suffered harm through newspaper articles alleging that players had tested positive. *Id.*

Dep't of Homeland Sec., Privacy Impact Assessment for Border Searches of Electronic Devices, at 23-24 (available at

http://www.dhs.gov/xlibrary/assets/privacy/privacy_pia_cbp_laptop.pdf).

These Directives specifically require ICE agents and CBP officers to make reports regarding the searches. *See* CBP Directive §§ 5.5 & 5.6.l; ICE Directive, §§ 8.5(1)(b), 8.7. Indeed, if Defendants did not retain information documenting the searches conducted by CBP or ICE, the agencies would run afoul of other federal requirements for record-keeping, as Defendants' policies implicitly acknowledge. *See*, *e.g.*, Federal Records Act, 44 U.S.C. § 3301 *et seq.*[6]

Third, Plaintiff has not alleged that he will suffer any injury, much less any irreparable injury, by Defendants' retention of Government records regarding the lawful search of his computer, which may contain a description of the information reviewed in the search. Indeed, Plaintiff fails to offer any explanation in either his motion or reply to show how he would be injured by Defendants' retention of these records documenting their actions. Plaintiff errs in asserting that *Tabbaa v. Chertoff,* 509 F.3d 89, 96 n.2 (2d Cir. 2007), holds that a plaintiff need not demonstrate "an increased risk of future searches, or other type of harm, to assert expungement-based standing." ECF Doc. 40 at

---

[6] In his reconsideration reply, Plaintiff attempts to cast doubt on the Government's need to retain records by pointing to the settlement agreement in *House v. Napolitano,* No. 11-10852-DLC (D. Mass). ECF Doc. 40 at 4. But Plaintiff's reliance on the *House* settlement is both inappropriate and unavailing because under that agreement, the terms of settlement shall not "be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action (except in a separate action to enforce its terms)." Moreover, that relief was provided in a settlement, not as a result of Rule 41. Finally, in the *House* settlement, no expungement or destruction of Government records (*e.g.*, the records of investigation) was ever required—and yet that extraordinary relief is what Plaintiff seeks here.

7

3 n.2.[7] Nothing in the Second Circuit's one sentence footnote in *Tabbaa,* or the district court's opinion in *Tabbaa*, suggests that expungement claims are exempt from Article III's standing requirement that a plaintiff must show an injury in fact which is "actual or imminent." *See Clapper v. Amnesty Int'l USA,* 133 S.Ct. 1138, 2752 (2013). But even if Plaintiff had standing to assert such a claim, he must demonstrate more than a speculative fear that he may be injured in some unspecified way by the retention of such records to justify the equitable relief that he seeks—which is destruction of Government records generated in connection with a lawful search.

Courts have recognized that the Government has a strong interest in maintaining records related to law enforcement investigations and proceedings. For example, courts in this Circuit have routinely declined motions to expunge arrest records of persons who thereafter avoided criminal liability, holding that such relief is available only in extreme circumstances.[8] *See, e.g., United States v. Schnitzer*, 567 F. 2d 536, 540 (2d Cir. 1977)

---

[7] In *Tabbaa,* the district court found standing because plaintiffs alleged that retention of the information regarding their processing at the border pursuant to the Anti-Terrorism Passenger Validation protocol may subject them to heightened scrutiny in future border stops. *Tabbaa v. Chertoff,* No. 05-CV-582S, 2005 WL 3531828, at *9 (W.D.N.Y. Dec. 22, 2005). But as this Court recognized in its earlier opinion, although Plaintiff Abidor "by his own admission travels frequently between the United States and Canada [and] was stopped two more times at the border," his computer was not "subject to a search of any kind on either occasion." ECF Doc. 36 at 19. Thus, while Defendants do not agree with Plaintiff's characterization of the holding in *Tabbaa*, Plaintiff's allegations here are not similar to those made by the *Tabbaa* plaintiffs in any event.

[8] In his reply memorandum, Plaintiff dismisses these cases, contending that he does not concede that the search of his computer was lawful. Plaintiff may disagree, but this Court's earlier dispositive ruling on the lawfulness of the search is clear; to the extent Plaintiff thinks the search unlawful, he is free to seek further review in the Court of Appeals. Rearguing the merits of this Court's conclusion about the lawfulness of the search is not a proper basis for reconsideration. *See Medoy v. Warnaco Employee's Long Term Disability Ins. Plan,* No. 97-CV-6612, 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006).

(affirming the denial of expungement of the record of an arrest that was found legal, even though the indictment of the arrestee was subsequently dismissed and the arrestee alleged that arrest record caused him problems, because he is a rabbinical student); *Wadipian v. United States*, No. 09-CV-0321-JFB, 2011 WL 1464179, at *3 (E.D.N.Y. Apr. 15, 2011) (Bianco, J.) (denying motion by arrestee whose indictment was dismissed, and who alleged that he was unable to find work due to his arrest record); *United States v. Grant*, No. CR-94-0018, 2008 WL 2039309, at *2-*3 (E.D.N.Y. 2008) (Sifton, J.) (denying motion by arrestee who was subsequently acquitted of all criminal charges, and who alleged that she was unable to find work due to her arrest record).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

Respectfully submitted,

| | |
|---|---|
| LORETTA E. LYNCH<br>United States Attorney | STUART F. DELERY<br>Assistant Attorney General |
| ELLIOT M. SCHACHNER<br>Assistant U.S. Attorney | DIANE K. KELLEHER<br>Assistant Branch Director |
| | s/Marcia Sowles<br>MARCIA SOWLES<br>Senior Counsel<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>20 Massachusetts Ave., N.W., Room 7114<br>Washington, D.C. 20530<br>Tel.:   (202) 514-4960<br>Fax:   (202) 616-8470<br>Email: marcia.sowles@usdoj.gov |