# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                              )

PASCAL ABIDOR, *et al.*             )

                                            )

               Plaintiffs,       )     Case No.

                                            )     1:10-cv-04059

       v.                           )

                                            )     (Korman, J.)

JANET NAPOLITANO, *et al.*      )     (Azrack, M.J.)

                                            )

               Defendants.     )
_____)

## DECLARATION OF PASCAL ABIDOR

1.      My name is Pascal Abidor. I am twenty-nine-year-old U.S.-French dual citizen and a Ph.D. student at the Institute of Islamic Studies at McGill University in Montreal, Canada. I am a resident of Brooklyn, New York, where my family lives.

2.      Before the events relevant to this lawsuit, I stored a large amount of personal and private information on my laptop and other electronic devices. For example, at the time the events took place, my laptop and external hard drive contained files including: my academic research and reading materials, class notes, emails and chat records with my then-girlfriend and friends, photos of friends and family, movies, music, journal articles of interest to me, documents detailing my academic credentials, tax records, and images downloaded from the Internet.

3.      A quick search of my laptop at the time of the events relevant to this lawsuit would also have revealed what files I had recently downloaded from the Internet, what web sites I had recently visited, and what search terms I had entered into search engines such as Google. In the same vein, I had extensive webpage bookmarks, which reflected my browsing history and webpage memberships.

4.      At the time of the events relevant to this lawsuit, I treated my electronic devices as private and had always believed they were private. Much of the information stored on my laptop and other electronic devices was highly personal and revealed intimate details about my life, including my personal thoughts, associations, scholarly work and expressive choices.

5.      At the time of the events relevant to this lawsuit, I ensured that my laptop remained protected by locking it with a password and using security software.

6.      On Saturday, May 1, 2010, I boarded Amtrak train 69 in Montreal Canada, with the final destination of New York City, to visit my family after the end of the academic year at McGill University.

7.      I was carrying my laptop, an external hard drive, two cell phones, and a digital camera.

8.      At a Customs and Border Patrol (CBP) inspection point in the vicinity of Service Port-Champlain, I was interrogated by CBP Office Tulip, together with fix or six other CBP officers who were also present.

9.      Officer Tulip forced me to the enter the password to my laptop and, after gaining access to the device, began to peruse its contents.

10.     After reviewing these images, Officer Tulip and several other CBP officers asked me to write my password down. I complied with this order.

11.     After asking me a few further questions, the officers told me I would be taken off the train to the port.

12.     I arrived at the port at approximately 1 p.m. that day. A number of agents carried my luggage, including all of my electronic devices, into the building. I was placed in a detention cell without access to any of my luggage.

13.     I was detained for approximately three hours. During that time, I was questioned by Officer Tulip and several other officers. Occasionally, someone would enter the cell and ask me a few questions. When I was questioned at length, they took me outside of the cell.

14.     During the questioning, the officers told me that I had lots of "symbolic materials" in my possession and that I needed to explain the meaning of the materials and

why I possessed them. They also asked about my parents, my travel history and plans, my

Ph.D. research topic, and my perspectives on the Middle East.

15.     After I answered their questions, truthfully and to the best of my ability, the

officers took me into a separate room to take my fingerprints and photograph me. I was

then returned to the detention cell.

16.     An officer who described himself as working with CBP and with the FBI

subsequently entered the detention cell to ask me more questions. He asked about my

Ph.D. research topic, my interest in the topic, and my future plans. Once again, I

answered the questions truthfully and to the best of my ability.

17.     On information and belief, during the three hours in which I was being

questioned, officers from CBP and/or other government agencies searched through

various files on my laptop. For example, from what I could determine from the "last

opened" date of the files after my laptop was returned, during that three hour period, the

officers at a minimum opened an iMovie project entitled "My Great Movie" and an

Adobe PDF document of citations for my dissertation.

18.     As I was being released, I learned that CBP would not be returning my laptop and

external hard drive to me.

19.     Officer Tulip gave me a "Detention Notice and Custody Receipt for Detained

Property." The form indicated that the devices were being held for Immigration and

Customs Enforcement (ICE).

20.     I received my other luggage, including my camera and two cell phones. One of

my cell phones was returned with a scratch on the back of the phone near the battery,

suggesting that someone had tried to open it.

21.     In the days following my return to the United States, I repeatedly called the seized property office at Service Port-Champlain to ask when my laptop and external hard drive would be returned.

22.     On May 10, 2010, CBP received a letter from my lawyers demanding the immediate return of my electronic devices. On May 12, 201, I finally received my laptop and external hard drive via mail.

23.     My laptop has a seam between the keyboard portion of the laptop and the outer case, which would reveal the internal hard drive if opened. Upon return, there appeared to be minor increases of space in the seam of the laptop. The external hard drive was returned with the casing and warranty seal broken open.

24.     By examining the "last opened" date  of files on my laptop, I learned that between May 1 and May 11, officers from ICE, CBP, and/or other agencies had examined basic directory folders on my laptop, such as "library" and "users," as well as backup documents that I had stored on my external hard drive.

25.     Some files opened and examined by the officers included highly private and expressive materials that reveal intimate details about my life, such as my personal photos, a transcript of a chat with my then-girlfriend, years' worth of personal and work email correspondence, class notes, journal articles, my tax return, my graduate school transcript, and my resume.

26.     At the time my laptop was detained, I had saved a variety of passwords on my computer, raising the possibility that the government could have used these passwords to log into my remote accounts. Also, my computer was configured to automatically allow access to my online email and social networking accounts, such that government

agents could also have searched through my remotely stored correspondence and communications by accessing them through my computer.

27.     On information and belief, agents from ICE, CBP, and/or other agencies copied the contents of my laptop and external hard drive, and possibly my other electronic devices as well.

28.     On information and belief, agents from ICE, CBP, and/or other agencies transmitted the contents of my electronic to other agencies.

29.     On information and belief, copies of the contents of my electronic devices and information derived from those contents are being retained by ICE, CBP, and/or other agencies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this ___ day of _____ 2014

_____
Pascal Abidor

agents could also have searched through my remotely stored correspondence and communications by accessing them through my computer.

27. On information and belief, agents from ICE, CBP, and/or other agencies copied the contents of my laptop and external hard drive, and possibly my other electronic devices as well.

28. On information and belief, agents from ICE, CBP, and/or other agencies transmitted the contents of my electronic to other agencies.

29. On information and belief, copies of the contents of my electronic devices and information derived from those contents are being retained by ICE, CBP, and/or other agencies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 21st day of April, 2014

Pascal Abidor